Law Library

# IN THE SUPERIOR COURT
# OF GUAM

THE PEOPLE OF GUAM,             )       CRIMINAL CASE No. CM 1197-12

                    )

        v.              )       **DECISION AND ORDER**
                    )         On Defendant's

RACHEL A. KINSELLA,      )         Motion to Dismiss

        Defendant.     )

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on March 8, 2013 on Defendant's Motion for Dismiss for Inappropriate Prosecution / De Minimis Infraction and for Civil Compromise. The People of Guam were represented by Assistant Attorney General Christine Santos Tenorio. The Defendant was represented by Assistant Public Defender Maria Fitzpatrick. Having reviewed the memorandum and papers presented, the court now issues the following decision DENYING the Defendant's Motion to Dismiss.

## FACTUAL HISTORY

The Defendant has been charged with one count each of misdemeanor *Assault* and *Family Violence* for actions arising out of an alleged altercation between the Defendant and his girlfriend. As with all crimes, the Defendant was charged based upon facts presented in a police reported submitted to the Attorney General's Office following the Defendant's arrest. Since the arrest, the alleged victim has expressed a desire to have the case dismissed. Based upon the victim's statements, the Defendant has filed a Motion to Dismiss arguing that the charges against the Defendant should be dropped because the parties have reached a civil compromise pursuant to 8 GCA §80.90. The Defendant further argues that dismissal is warranted because

his alleged conduct falls within the circumstances allowing for dismissal under Guam's *de minimis* prosecution statute. The People timely filed an opposition to the motion arguing that neither civil compromise nor dismissal pursuant to the *de minimis* statute is appropriate to the facts of the case. For the following reasons, the Court agrees with the People.

## DISCUSSION

The Defendant has filed a Motion to Dismiss based upon two, alternative grounds: (1) that the Defendant and the alleged victim have reached a civil compromise pursuant to 8 GCA §80.90, and (2) that prosecution of the Defendant is inappropriate because the People cannot prove the elements of the alleged crimes. Each argument will be evaluated in turn.

### I. *Civil Compromise is not Appropriate for Crimes involving* **Family Violence**

The Defendant argues that the criminal charges against her should be dismissed because she and the alleged victim have reached a civil compromise pursuant to 8 GCA §80.90. The relevant statute reads:

> (a) When the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided by this Section.
> (b) If the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the criminal action dismissed.
> (c) A dismissal under this Section is a bar to another prosecution for the same offense.

The People oppose the motion and argue that the Defendant cannot demonstrate that the victim "has received satisfaction for the injury" as required by the law. The Defendant has stated that the alleged victim "does not want compensation for anything that happened in the case," because she and the victim "have worked out their differences." The People maintain that "satisfaction of the victim's injury is best addressed through rehabilitation of the Defendant through the criminal justice system."

The Court has previously entertained a motion for civil compromise in a case involving a crime of violence such as *Assault* or *Family Violence*. Those cases involved both the victim and perpetrator being charged in a mutual combat setting. Guam law does not explicitly state that the statute is inapplicable to crimes of violence, however, civil compromise is typically limited to cases involving monetary restitution for property damage. The current facts involve a Defendant accused of assaulting her boyfriend, making the question of restitution problematic. Contrary to the Defendant's assertion, the Court does not believe that reconciliation between the Defendant and the alleged victim meets the statutory requirement that the victim receive "satisfaction for the injury." 8 GCA §80.90(b).

The Court looks to the laws of California, which served as the basis for Guam's civil compromise statute, for guidance. California law prohibits the application of civil compromise to cases involving domestic violence. The California law which served as the model for Guam's civil compromise statute states:

> When the person injured by an act constituting a misdemeanor has a remedy by a civil action, the offense may be compromised, as provided in Section 1378, *except when it is committed as follows:*
> (a) By or upon an officer of justice, while in the execution of the duties of his or her office.
> (b) Riotously.
> (c) With an intent to commit a felony.
> (d) In violation of any court order as described in Section 273.6 or 273.65.
> (e) *By or upon any family or household member, or upon any person when the violation involves any person described in Section 6211 of the Family Code or subdivision (b) of Section 13700 of this code.*
> (f) Upon an elder, in violation of Section 368 of this code or Section 15656 of the Welfare and Institutions Code.
> (g) Upon a child, as described in Section 647.6 or 11165.6.

Cal. Pen. Code §1377 (italics added).

The Court will not use its discretion to permit civil compromise in cases involving family and domestic violence where one party is alleged to have been the perpetrator. California law, from which Guam law was adopted, explicitly prohibits civil compromise in these cases. The court recognizes that Guam did not enact the prohibition of family violence cases from civil compromise. The exception of domestic violence cases from civil compromise also holds true in other jurisdictions, such as Oregon and Washington, which share statutory language nearly identical to California's. *See* ORS §135.703(1)(d), RCW 10.22(4). The rational of prohibition exists not only because it is difficult to determine whether or not an alleged victim has actually "received satisfaction for the injury," but because the prosecution of family violence cases is of interest to the public. More specifically, civil compromise of family violence cases does not present "circumstances such that through private settlement the public is fully vindicated." *People v. Moulton*, 182 Cal.Rptr. 761, 768 (1982). The Guam Legislature, through the recent amendments to the Family Violence Act, has made clear their intent to have cases involving *Family Violence* prosecuted on behalf of the People of Guam. Beginning to apply the civil compromise statute to these cases does not appear to be in keeping with that intent, especially where only one party is charged and alleged to be the actor. Additionally, a characteristic of family violence cases and spousal abuse is the fact that the victim wants the case dropped and the perpetrator released and returned home. The vast majority of the cases pending before the family court have such declarations filed. Hence, it is truly the public's interest and burden to prosecute these matters as the victim, most of the time, will decline to do so.

## II. *The Defendant's Alleged Actions are not* De Minimis

Guam's *de minimis* prosecution statute authorizes the court to dismiss charges against a Defendant where necessary to "prevent absurd applications." 9 G.C.A. §7.67 (2012). The statute

lists three circumstances where the court shall dismiss a prosecution. In her motion, the Defendant specifically argues that her conduct: "(b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction." *Id.* The Defendant confessed to the responding police officers that she had repeatedly slapped and scratched her boyfriend. Despite this confession, the Defendant now argues that these actions do not constitute the crime of *Assault* because "a slap is not an attempt to cause bodily injury."

The Guam Supreme Court has made clear that a dismissal on *de minimis* grounds requires that the trial court "make factual determinations with respect to the conduct charged." *People v. Perez*, 2004 Guam 4 (citing *See State v. Carmichael*, 53 P.3d 214, 218 (Haw.2002)). This requires analysis of "objective factors directly related to the defendant's conduct and, in particular, the consequences for the societal interests involved." *Id.* (citing *State v. Zarrilli*, 523 A.2d 284 (N.J.Super. Ct. Law Div.1987), *aff'd*, 532 A.2d 1131 (N.J.Super.Ct.App.Div.1987). The Court explains that "the protection to which society is entitled is provided by a dismissal *only* when the offense is truly 'trivial.'" Therefore, with the best interests of the public in mind, assessing a *de minimis* motion requires the court to answer this single question: "What is the risk of harm to which society is exposed by defendant's conduct?" *Id.*

In a motion to dismiss on *de minimis* grounds the court assumes that the factual allegations against the Defendant are true. This is required by law because ""[t]he motion does not provide a setting for a determination of guilt or innocence." *Id.* Assuming that the Defendant did in fact repeatedly slap and scratch her boyfriend's face and neck, her conduct meets the legal definitions of both *Assault* and *Family Violence*. Contrary to the Defendant's assertion, both slapping and scratching a person unequivocally constitutes "bodily injury to another." 9 GCA §19.30(a)(1).

The risk of harm to society that arises from acts of *Assault* and *Family Violence* are significant and cannot be viewed as trivial absent evidence that the charges are excessive or unwarranted. The Defendant's erroneous argument that slapping and scratching are not *Assault* does not constitute such proof.

The facts of the current case are easily distinguishable from the facts in *Perez*. Perez was charged with *Improper Influence over a Notary* and *Official Misconduct*. In that case, the trial court's *de minimis* dismissal of the charges was upheld by the Supreme Court not because it was alleged that Perez did not commit the crimes in question, but because it was determined that Perez's actions could not have caused "the harm or evil which the statute protects." *Id*. Critically, even under the assumption that Perez did commit the crimes at issue, the Court found that it was the actions of a second defendant that defrauded the public. Here, the Defendant is alleged to have caused direct bodily injury to her boyfriend. Viewing these factual allegations as true, charges of *Assault* and *Family Violence* are appropriate as both statutes were enacted to protect victims from these crimes. The fact that the victim no longer seeks prosecution of the Defendant does not make the charges against the Defendant inaccurate nor does it render them trivial.

## CONCLUSION

Based on the foregoing, the court finds that the Defendant's alleged actions do not meet the standard for dismissal pursuant to Guam's *de minimis* prosecution statute. Accordingly, the court DENIES the Defendant's Motion to Dismiss for De Minimis Infraction / Inappropriate Prosecution. The Court also finds no basis for allowing civil compromise in family violence cases and DENIES the Motion to Dismiss for Civil Compromise. Trial setting is hereby set for _____*May 15*_____, 2013 at 9:00am.

SO ORDERED, this 3rd day of May 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam.

MAY 03 2013

Teresita S. Perez
Deputy Clerk, Superior Court of Guam